**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| Christine & Joseph Corey, | Civil Action No.: _____ |
| Plaintiffs, | |
| v. | |
| Educational Credit Management Corp.; and DOES 1-10, inclusive, | **COMPLAINT** |
| Defendants. | |

For this Complaint, the Plaintiffs, Christine & Joseph Corey, by undersigned counsel, state as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the invasions of Plaintiffs' personal privacy by the Defendants and its agents in their illegal efforts to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4. The Plaintiffs, Christine & Joseph Corey ("Plaintiffs"), are adult individuals residing in West Springfield, Massachusetts, and are "consumers" as the term is defined by 15 U.S.C. § 1692a(3).

5. Defendant Educational Credit Management Corp. ("ECMC"), is a Minnesota business entity with an address of 1 Imation Place, Building 2, Oakdale, Minnesota 55128, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6. Does 1-10 (the "Collectors") are individual collectors employed by ECMC and whose identities are currently unknown to the Plaintiffs. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7. ECMC at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

**A. The Debt**

8. Christine Corey allegedly incurred a financial obligation (the "Debt") to a creditor (the "Creditor").

9. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. The Debt was purchased, assigned or transferred to ECMC for collection, or ECMC was employed by the Creditor to collect the Debt.

11. The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

B. **Educational Engages in Harassment and Abusive Tactics**

12. Within the last year ECMC has placed numerous collection calls to the Corey's in an attempt to collect the Debt.

13. ECMC calls from telephone number 800-780-7997.

14. On February 8, 2012, Plaintiffs sent ECMC a letter advising it to cease calling and to only contact their attorneys.

15. The letter was received by ECMC in Indianapolis on February 13, 2012.

16. Despite the verbal and written directives to cease calling, ECMC continued collection calls to the Coreys and did in fact call from the same 1-800 number on February 7th, 8th, 10th, 14th, 15th, 16th, 17th, 21st and 23rd.

C. **Plaintiffs Suffered Actual Damages**

17. The Plaintiffs have suffered and continue to suffer actual damages as a result of the Defendants' unlawful conduct.

18. As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiffs suffered and continue to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

**COUNT I**
**VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.**

19. The Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

20. The Defendants' conduct violated 15 U.S.C. § 1692c(a)(2) in that Defendants contacted the Plaintiffs after having knowledge that the Plaintiffs was represented by an attorney.

21.     The Defendants' conduct violated 15 U.S.C. § 1692c(c) in that Defendants contacted the Plaintiffs after having received written notification from the Plaintiffs to cease communication.

22.     The Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiffs in connection with the collection of a debt.

23.     The Defendants' conduct violated 15 U.S.C. § 1692d(5) in that Defendants caused a phone to ring repeatedly and engaged the Plaintiffs in telephone conversations, with the intent to annoy and harass.

24.     The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

25.     The Plaintiffs are entitled to damages as a result of Defendants' violations.

## COUNT II
## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

26.     The Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

27.     The Restatement of Torts, Second, § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes…upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

28.     Massachusetts further recognizes the Plaintiffs' right to be free from invasions of privacy, thus Defendant violated Massachusetts state law.

29.     The Defendant intentionally intruded upon Plaintiffs' right to privacy by continually harassing the Plaintiffs with numerous calls.

30. The telephone calls made by Defendant to the Plaintiffs were so persistent and repeated with such frequency as to be considered, "hounding the Plaintiffs," and, "a substantial burden to her existence," thus satisfying the Restatement of Torts, Second, § 652(b) requirement for an invasion of privacy.

31. The conduct of the Defendant in engaging in the illegal collection activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

32. As a result of the intrusions and invasions, the Plaintiffs are entitled to actual damages in an amount to be determined at trial from Defendant.

33. All acts of Defendant and its agents were committed with malice, intent, wantonness, and recklessness, and as such, Defendant is subject to punitive damages.

**PRAYER FOR RELIEF**

**WHEREFORE**, the Plaintiffs pray that judgment be entered against Defendants:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendants;
2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendants;
3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendants;
4. Actual damages from Defendants for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for the Plaintiffs;
5. Punitive damages; and

6. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: March 13, 2012

                                      Respectfully submitted,

                                      By  /s/ Sergei Lemberg

                                      Sergei Lemberg (BBO# 650671)
                                      LEMBERG & ASSOCIATES L.L.C.
                                      1100 Summer Street, 3rd Floor
                                      Stamford, CT 06905
                                      Telephone: (203) 653-2250
                                      Facsimile:  (203) 653-3424
                                      Attorneys for Plaintiffs